OPINION of the Court, by
Ch. J. Boyle.
This was an action of ejectment, in which both the lessor of the plaintiff and defendant derived title to the land in controversy under Ralph Morgan, the patentee.
The lessor of the plaintiff, to support his title, gave in evidence a deed from Morgan to one Thomas Jones, bearing date the 22cl of September, 1802, and a deed from Jones to himself, beating d ue October 3d, of the same year, both of which deeds were recorded in due time.
a fraudulent deed ⅛ good a. al! críj¡,’rs cbeftn.
'loyonteftthe fed#ia muft have 0b. “⅛*⅝⅛™**
><> invalidate a P"or deed to a-bTpurchafeTfor a valuable cen-^ration W
bond with the bal tom -tf “ rff.ncé 1 proof of its ex. «unanpoftew ¡„*£ ejtamenT having a deed* grantor prior to th,c.d,eed und« which theleffor of the plaintiff claims from the iame Srarit?r-
bond andTpof! tenor deed with °“‘ P™°< of * ⅛⅛ not warrant the “t“rt “‘«vail, Xr/deedTobl with m-pre‘
tained with no-tke of a previ-eus contract is pi /üthe'jao animo is matter of fait to be iettto the jury plained by evidence of a prior contraa for the ’
*417 The defendant produced in evidence a bond for the I ;o "1 controversy, hearing date the 5th of February, í r'-'J, purporting to have been executed by Morgan to one Hice, and which was.assigned by Rice to the de-fen dart t ; but the name and seal of Morgan having been torn from the bond, the lessor of the plaintiff objected to its admission as evidence, but on proof of its execu-rio» the objection was overruled by the court. The defendant also produced a deed for the land from Morgan to himsel f, bearing date the 2d of M ay 1802, and recorded the 6th of November, of the same year ; but it was proven that the deed had been antedated, and that the true date of its execution was subsequent to the time when the lessor of the plaintiff obtained his deed for the land in controversy. The defendant further proved that he had been in possession of the land several years prior to the execution of the deed from Morgan to Jones, an d that Jones had notice of his residing upon the land, and that he held it under Morgan.
Upon this evidence the circuit court, at the request of the defendant’s counsel, instructed the jury “ if they believed that Morgan executed the bond aforesaid, and the deed to the defendant, and it they believed" also that Jones knew, before he received his deed from Morgan, of the bond, and that it was for the land in controversy, that the said deed from Morgan to Jones was void.” To the opinion of the court in admitting the bond as evidence, and to the instructions given to the jury, the plaintiff by his counsel excepted, and the verdict and judgment having been given against him, , , I p. ■ be has appealed to this court.
_ It is a settled principle that the legal title must prevail in ( jec.rme.nt: a mere equity, howet'er clear and incontestable it may be, will neither authorise a recovery on the part of the plaintiff, nor will it be sufficient to maintain the defendant in possession against the legal title. Had the defendant therefore held under the bond from Morgan only, it is clear he could not prevail in a trial at law against Morgan, or any purchaser under Morgan, having the legal tule ; nor would the defendant he in a situation, either as a creditor or chaser, to contest the validity of the convey ance from Morgan, under the statute against frauds and perjuries. As a creditor he could not question the efficacy of such *418 conveyance, unless he had by obtaining judgment' an&es* ecution placed himself in an attitude to assert his claim to have his debt satisfied out of the land so conveyed, and without having his title perfected by a legal conveyance he would not be a purchaser within the meaning of the statute ; fora purchaser exvi termini, is one who has acquired the title, and the term cannot in legal propriety be applied to one who claims under an unexecuted contract t0 convev This exposition has been given to the word purchaser, in the statute of the 27th Eliz. from which our statute, so far as it protects purchasers from pr¡or fraudulent conveyances, has been copied — See Halford vs. Halford, Ch. Ca. 216, and Roberts on fraudulent conveyances, 36 and 235.
The conveyance from Morgan to Jones, although it might be fraudulent, would nevertheless be good against all the world except creditors and purchasers ; for it is as to them only, that the statute makes fraudulent conveyances void. If the defendant had therefore exhibited no further evidence of title than the bond, it would have been incompetent evidence, as it would have shewn him to be invested with but a mere equity, and would not have enabled him, either as a creditor or purchaser, to impeach the conveyance from Morgan. But as the defendant had before the commencement of this suit obtained a deed of conveyance formally executed and duly recorded, the case is presented under a very different aspect. If he was a bona fide purchaser for a valuable consideration, he was qualified, under’the statute, to avoid the prior conveyances from Morgan, by shewing that they were made with an intent to deceive him. To do this, it might be necessary to exhibit the bond, to ascertain the date of his contract to purchase, and for other purposes ; and to this end it seems admissible evidence, notwithstanding the seal and name of Morgan were tom off, for that circumstance is sufficiently accounted for by the execution of the conveyance in pursuance of the condition of the bond. We think therefore that the circuit court decided correctly in overruling the objection to the admission of the bond as evidence.
The second question which the record presents, is, whether the court erred in the instruction given to the jury l TSf
*419 In one point we can Have no hesitation in saying that she instructions were erroneous. To take advantage of the statute against fraudulent conveyances, it is not only necessary that the defendant should have been a purchaser, but he should have been a bona fide purchaser for a valuable consideration. If therefore the bond and deed, though executed by Morgan, were voluntary or Covenous, the defendant claiming under them would not be entitled to the protection of the statute. The instructions given by the court to the jury, are evidently predicated upon the hypothesis that the execution of the bond and deed by Morgan to the defendant, without reference to the consideration or the fairness of the transaction, qualified the defendant to avail himself of the statute, and virtually precluded the necessity of an inquiry by the jury whether they were executed bona fide and for a valuable consideration or not. Upon this point the instructions were therefore erroneous.
But another question of greater difficulty arises from the instruction given to the jury ; that is, whether from the circumstance that Jones had notice of the defendant’s contract to purchase, prior to his having received his deed from Morgan, it resulted as a matter of law that the deed is. void. The statute avoids conveyances made with an intent to deceive or deiraud purchasers, but it does not in terms avoid conveyances that are made with notice of a previous contract to purchase by another. Where there ia an intent to deceive or defraud purchasers, it follows, as a matter of law, that the deed is void ; but from, the very nature of the thing, whether there is an intent to deceive or defraud, is a matter of Iact. Upon the general principle that the judge is to respond to questions of law, and the jury to questions of Iact, it would seem proper, when the intent to deceive is ascertained, that the court should decide that the deed is void ; but whether there existed an intent to deceive or not, is a question that the jury are alone competent to determine. An exception to this doctrine may perhaps exist, where from the circumstances of the transaction, the law creates a legal presumption of a fraudulent intent, and admits of no contrary proof. Whether there are any such circumstances in cases of this kind, and in what those circumstances consist, are questions, of-great difficulty* and, need not, as we apprehend, be decided m *420 this case ; for the circumstance of notice of a prior coa* tract to convey, is not, as we are inclined to believe* of this description : it is one from which, taken alone, the fact of a fraudulent intent may unquestionably be deduced ; but it is one which is susceptible of being so explained by proof, as to be consistent with honest intention. For suppose, in the case before the court, that Jones could have shewn that he had made a bona fide contract with Morgan to purchase the land in controversy, prior to the execution of the bond to the defendant, it would certainly have been competent evidence, and most assuredly would have destroyed the inference of fraud, that would otherwise be deducible from the circumstance of his having known when he received his conveyance of the bond to the defendant. If then the circumstance of receiving a conveyance under a knowledge of a contract by another to purchase the same land, may be compatible with honest dealing, and will justify an inference of fraudulent intent or not, according to the other circumstances of the case, the deduction of the proper inference must be a matter of fact and not of law,⅜ The instruction therefore given to the jury seems on this point also to be erroneous.
What would have been the effect upon the conveyance from Jones to the lessor of the plaintiff, if the deed to Jones had been void, v, e have not deemed it material to notice, inasmuch as that point is not properly presented to the court by the bill of exceptions.
' Judgment to be reversed, and cause remanded with, costs,for new proceedings to be had therein, not inconsistent with the foregoing opinion.